**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

RUSSELL ALLEN BROWN, )
)
Plaintiff, )
)
vs. )
)
SEAN FEATHERSTUN, )
BLAKE JENNINGS, )
BRIAN MERRELL, )
GRACE GRAY, )
RANDY POLLARD, )               Case No. 25-cv-1718-DWD
JUDGE JERRY E. CRISEL, )
JUDGE JOHANNA BETH WEBBER, )
TROY HAILS, )
AARON JOHNSON, )
JOHN MARTIN KEOUGHAN, )
JASON HERZIG, )
SCOTT ROSENBLUM, )
BENEDICT SONG, )
THOMAS M. MAAG, )
)
Defendants. )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Russell Allen Brown, an individual seeking to proceed in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff challenges an ongoing criminal prosecution. Plaintiff's initial complaint and amended complaint were dismissed as insufficient to state a claim and he has filed a timely second amended complaint (Docs. 8, 10, 11). Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability to pay such

fees or give security therefore and stating, the nature of the action, defense or appeal and the affiant's belief that he is entitled to redress.  28 U.S.C. § 1915(a)(1).  Under § 1915(e)(2), the Court is also required to consider if a party has presented plausible claims for relief before granting pauper status.  The Court may dismiss a case or deny a party's IFP application if the action is clearly frivolous or malicious, fails to state a claim, or seeks monetary damages from a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).

### The Second Amended Complaint

Plaintiff alleges that Defendant Randy Pollard, a Circuit Clerk of Court in Illinois state court, violated his rights by maintaining incorrect judicial records.  (Doc. 11 at 1). Specifically, he alleges that a 2005 conviction occurred while he was a minor and should not have been considered in subsequent actions.  He alleges that on March 5, 2024, Defendants Hails, Keoughan, and Johnson carried out an improper search warrant that was issued by Defendant Judge Crisel despite knowledge that it was based on fraudulent information.  (*Id.* at 1-2).  He further alleges Defendant Featherstun improperly allowed the search and implemented an eavesdropping device in his home at that point.

Plaintiff alleges that Defendants Rosenblum, Song, and Maag, acted as an "attorney blockade" and did not file motions despite knowing of fraud and corruption. (Doc. 11 at 2).  He further alleges Defendant Heflin was an appointed public defender who did not adequately represent his interests.  (*Id.*).  He claims that Defendant Judge Crisel is now attempting to hide fraud by pursuing a fitness evaluation to silence him. (*Id.*).

Plaintiff alleges that Defendants Judge Webber, prosecutor Jennings, and FBI agent Herzig conducted a secret hearing that improperly led to the seizure of over $12,000. (Doc. 11 at 2). Finally, Plaintiff alleges that Defendant Gray, a law student, worked with Defendants Jennings and Merrell to file inaccurate documents to hide the length of the prosecution. (*Id.*). Plaintiff seeks monetary damages, a declaration that his ongoing criminal prosecution, 2005 conviction, and the seizure of money are invalid, and a return of his money. (Doc. 11 at 2-3).

In support of the second amended complaint, Plaintiff filed a handful of documents from his state court criminal proceedings in Jefferson County, Illinois. (Doc. 12). A review of the publicly available docket sheet shows that the matter is ongoing, with a bench trial set for July 9, 2026.[1]

## Discussion

Plaintiff's second amended complaint suffers from multiple defects, and for reasons explained below, he has failed to state a valid claim. First, many of the named defendants are immune for acts taken in association with their traditional functions. Specifically, Featherstun, Jennings, Merrell, and Gray enjoy prosecutorial immunity. *See Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (describing absolute prosecutorial immunity). Defendants Heflin, Rosenblum, Maag, and Song enjoy immunity as defense attorneys. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel

---

[1] *State v. Brown*, Case No. 2024-CF-122 (Jeff. Cnty. Cir. Ct., Ill.), https://www.judici.com/courts/cases/case_history.jsp?court=IL041025J&ocl=IL041025J,2024CF122,IL041025JL2024CF122D1, last accessed June 2, 2026.

to a defendant in a criminal proceeding."). And Defendants Crisel and Webber enjoy judicial immunity. *See Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005) (absolute judicial immunity is a doctrine that has been embraced for centuries).

Defendant Pollard may also be entitled to immunity in his role as clerk of court. *See Kincaid v. Vail,* 969 F.2d 594, 600-01 (7th Cir. 1992) (describing the long history of absolute judicial immunity for court clerks performing administrative functions of their job). Even if Pollard is not entitled to absolute immunity, it is not clear what Plaintiff alleges that Pollard actually did to cause him harm. At most, he suggests Pollard maintained incorrect records about a 2005 juvenile offense, but it is not as if Pollard independently brought this information to the forefront and initiated some kind of vindictive prosecution. Pollard's mere role as an administrative employee of the Court, without more about his actions, is insufficient to state a claim.

This leaves Defendants Hails, Johnson, Keoughan, and Herzig for their alleged roles in a search and the forfeiture of cash. These alleged actions are intimately associated with the ongoing criminal proceedings, which might suggest that a stay of these proceedings is appropriate. However, even if the Court were to stay these proceedings, it is not clear at this point what Plaintiff alleges that these four personally did to harm him. The bald assertion that they conducted an improper search on false pretenses or seized cash without following appropriate due process protections is not enough to sustain a constitutional claim. The Court has given Plaintiff three opportunities to more clearly state his claims, and he has failed. Thus, the lawsuit will now be dismissed in full for failure to state a claim.

Finally, in earlier pleadings Plaintiff named Marty Keoghan, but Keoghan was not named in the Second Amended Complaint, so any claim against this individual is dismissed.

Since the filing of the Second Amended Complaint, Plaintiff has filed 12 additional motions, supplements, or documents. (Docs. 12-23). Document 12 is labeled as "exhibits" and purports to contain documents that demonstrate Defendant Gray (a law student) committed wrongdoings in her role as a student prosecutor on Plaintiff's criminal case. Exhibit 13 is a collection of exhibits that purport to show the alleged mishandling of Plaintiff's juvenile case that may be considered a predicate offense in his new proceedings. Document 14 is an emergency motion, alleging a variety of wrongs linked to Plaintiff's belief that his criminal prosecution has not been timely and has involved constitutional wrongdoing. Documents 15 through 21 are all piecemeal supplements designed to elaborate upon allegations in the second amended complaint concerning Plaintiff's ongoing criminal prosecution. Document 22 is labeled on the docket sheet as a motion for declaratory judgment and injunctive relief, but in reality it appears to be an entirely new complaint concerning conduct by Defendant Crisel (a state court judge) in numerous criminal matters, filed without further leave of court. Finally, document 23 is a motion for leave to file an 86-page supplement that alleges Plaintiff has uncovered a massive conspiracy he believes is linked to his ongoing criminal prosecution. None of the motions or supplemental documents alter the outcome of the substantive analysis above concerning Plaintiff's second amended complaint.

As the Court previously indicated, piecemeal amendments to the operative pleading are not acceptable. (Doc. 10 at 7) ("The Court will not accept piecemeal amendments to the original Complaint); *see Spreck v. U.S. Veterans Admin.*, 67 F. App'x 963, 964 (7th Cir. 2003) (stating a court is "not required to incorporate [a plaintiff's] revised caption into an earlier submitted complaint and accept the complaint piecemeal"); *see also Purnell v. Ill Dep't of Corr.*, 2020 WL 5038589, at *1 (S.D. Ill. Aug. 26, 2020) (citing *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004)). In this case, Plaintiff has not just submitted one or two small amendments. Instead, he has flooded the Court with countless supplements all purporting to build upon allegations in the Second Amended Complaint. This influx of pleadings is not an appropriate way to amend allegations made in this case, and substantively, the assertions in the copious supplements do not strengthen Plaintiff's underlying theories.

Having reviewed Plaintiff's allegations three times, the Court finds it unnecessary to invite further amendments. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915e(2)(B)(ii).

**Disposition**

Plaintiff's Second Amended Complaint (Doc. 11) is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e). Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED** because he has not pled any adequate claims.  Plaintiff's "Emergency Motion for a Status Update" (Doc. 14), his Motion for Declaratory and Injunctive Relief (Doc. 22), and his Motion for Leave to File Supplement (Doc. 23) are all **DENIED**.  The Clerk of Court shall enter judgment and close this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: June 3, 2026

_____
DAVID W. DUGAN
United States District Judge